**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-6478

CHARLES CECIL THOMAS,

Plaintiff - Appellant,

versus

MICHAEL W. BUTLER; GERALD W. JOHNSON; OFFICE
OF THE SHERIFF,

Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore. Andre M. Davis, District Judge. (CA-04-
2994-1-AMD)

Submitted: August 19, 2005          Decided: September 8, 2005

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles Cecil Thomas, Appellant Pro Se. John Francis Breads, Jr.,
LOCAL GOVERNMENT INSURANCE TRUST, Columbia, South Carolina, for
Appellees.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Charles Cecil Thomas appeals the district court's order summarily dismissing his complaint in which he alleges that law enforcement officers of the "Leonardtown Police Department" and the "Office of the Sheriff" of St. Mary's County, Maryland, impermissibly seized his vehicle. We affirm.

In 2004, Thomas filed a complaint in state court against Detective Michael W. Butler, Detective Gerald W. Johnson, the "Office of the Sheriff," and "Leonardtown, Maryland," in which he described a tort claim arising from the alleged illegal seizure of his vehicle by "the Leonardtown Police" in "February of 2003." When Thomas later amended his complaint to state a claim under the Fourth Amendment, based on the impermissible search and seizure of his Ford Explorer, the Defendants removed the case to federal district court. Ultimately, the district court granted the Defendants' motion for summary judgment and dismissed Thomas' complaint in its entirety.

Citing Younger v. Harris, 401 U.S. 37, 45-46 (1971), Thomas appeals, asserting that (1) the district court erred in exercising jurisdiction over the subject matter; and therefore, (2) the district court erred when it refused to remand his case to the state court. Pursuant to Younger, 401 U.S. at 45-46, a federal court may not award declaratory or injunctive relief that would affect pending state criminal proceedings absent extraordinary

- 2 -

circumstances involving a great and immediate threat to federally protected rights, such as bad faith prosecution, a patently unconstitutional statute, or a biased state tribunal. Under Younger, abstention is therefore appropriate if: (1) there are ongoing state judicial proceedings; (2) the proceedings involve important state interests; and (3) the state proceedings offer an opportunity to present and resolve federal and constitutional claims. Employers Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995) (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)); Martin Marietta Corp. v. Md. Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994). This court reviews a district court's decision to abstain for abuse of discretion. Shannon, 65 F.3d at 1134. Because Thomas does not expressly seek to enjoin or dispute the settlement of his forfeiture action, we find Younger inapplicable to the instant appeal.

Thus, removal was proper under 28 U.S.C. § 1441(b) (1994), because the district court has jurisdiction over civil actions arising under the laws of the United States without regard to the citizenship or residence of the parties. Jurisdiction over Thomas' state law claims was proper under § 1441(c). Based on our careful review of the record, we find that the district court did not abuse its discretion in dismissing Thomas' entire complaint. Moreover, if Thomas wishes to challenge the settlement of the

forfeiture action as unfair in any way, he is free to pursue such relief in the appropriate state court.

Accordingly, we affirm the district court's order summarily dismissing Thomas' complaint and denying his request for remand to state court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED